

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-0581-24

---

### EX PARTE AMARILLYZ ESTEVEZ, Appellant

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIRST COURT OF APPEALS HARRIS COUNTY

---

FINLEY, J., filed a dissenting opinion in which PARKER, J., joined.

### DISSENTING OPINION

The Court today says that Appellant's "successive prosecution claim is without merit because the contempt order was void for lack of notice and was withdrawn by the trial court." Maj. Op. at 1. But that is incorrect. The trial court had subject-matter jurisdiction over Appellant's underlying prosecution. That subject-matter jurisdiction extended to the ensuing contempt proceedings

because the trial court had discretion over conduct connected to the underlying criminal prosecution.

## I.     Analysis

What the trial court initially *lacked* was personal jurisdiction over Appellant because of defects in the show cause order. In *Nix v. State*, we recognized:

> A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law.

65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (internal citations omitted). Notice two things: First, a defect in the charging instrument relates to the "trial court" having "no jurisdiction over the defendant," i.e., there is no personal jurisdiction. *Id.* Second, a judgment is void when the trial court lacks subject-matter jurisdiction "over the offense charged," for example, when a felony is prosecuted in a misdemeanor court. *Id.*

Here, the trial court initially lacked personal jurisdiction over Appellant in the contempt hearing due to insufficient notice. The insufficient notice rendered the charging instrument constitutionally defective. However, unlike

subject-matter jurisdiction,[1] defects that impede personal jurisdiction can be waived. TEX. CODE CRIM. PROC. art. 1.14(a) (West 2022) ("The defendant in a criminal prosecution for any offense may waive any rights secured [to] him by law . . . ."); *id.* art. 1.14(b) (West 2022) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding."). And Appellant waived her personal jurisdiction objection, as shown by the hearing transcript:

| | |
|---|---|
| Trial Court: | So, do you want to go forward on the notice or you want to withdraw the notice? |
| Trial Counsel: | I can withdraw the notice claim and we can go forward with asking for leniency and not exceeding the statutory maximum of three days and/or a fine of $100, your Honor. |

Appellant withdrew her notice-based objection and consented to proceed with the contempt hearing, thereby affirmatively and orally waiving the basis of her personal jurisdiction objection. Because defective notice was the sole issue with the contempt order, and Appellant waived that defect, Appellant plainly,

---

[1] "[S]ubject matter jurisdiction cannot be conferred by agreement of the parties." *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996).

freely, and intelligently waived the trial court's initial lack of personal jurisdiction on the record. Therefore, the judgment of contempt was not void, as the trial court had both personal jurisdiction over Appellant and subject-matter jurisdiction over Appellant's contempt case.

Since Appellant's contempt judgment was not void, the question remains whether her successive prosecution claim is barred under double jeopardy principles. The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. "This protection applies both to successive punishments and to successive prosecutions for the same criminal offense." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *see also Weinn v. State*, 326 S.W.3d 189, 192 (Tex. Crim. App. 2010) (stating that double jeopardy is violated when there is "a second prosecution for the same offense after conviction" (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977))). The *Blockburger* test is used to examine a successive prosecution claim. *Brown*, 432 U.S. at 166 & n.6 (citing *Blockburger v. United States*, 284 U.S. 299 (1932)). During the show cause hearing, the State presented the charging instrument from Appellant's second DWI as evidence that she violated the bond conditions of her first DWI. The trial court found Appellant guilty of contempt. Because Appellant's contempt guilt may be premised on her second DWI, which is the basis of this instant criminal

prosecution, she may be currently facing a second prosecution after already being punished during the contempt proceeding.

The Court appears to concede as much when it says that the trial prosecutor "was prosecuting Appellant for contempt of court for having committed a second DWI . . . [and t]he trial court confirmed as much in two instances." Maj. Op. at 8–9. But the Court says, "[s]till, because the show cause order did not state an offense, it was void for failing to provide Appellant with sufficient notice. The contempt judgment based on it was void, and a void judgment does not bar a successive prosecution. Therefore, Appellant's successive prosecution claim fails." *Id.* at 9 (internal citation omitted). But, as this Court has repeatedly recognized, "all substantive defects in indictments are waivable under the statutes and these defects do not render the indictment 'void.'" *Teal v. State*, 230 S.W.3d 172, 178 (Tex. Crim. App. 2007) (citing *Studer v. State*, 799 S.W.2d 263, 272 (Tex. Crim. App. 1990)). Admittedly, *Teal* dealt with indictments, rather than show cause orders in criminal contempt proceedings. However, the same principles should apply here, where the trial court's criminal contempt charging instrument purportedly failed to adequately notice Appellant, and Appellant nevertheless waived the notice defect by withdrawing her objection to a lack of notice. Thus, the contempt judgment was not void. I would remand the case to the court of appeals to

determine the merits of Appellant's successive prosecution claim in the first instance.[2]

## II. Response to the Court's Opinion

The Court says that my suggestion to remand on the successive prosecution claim rests on "two faulty premises." Maj. Op. at 10. First, that "jurisdiction may be waived"; and second, that "Appellant's waiver notice was freely made." *Id.* at 10–11. I address these in turn.

To argue that jurisdiction may not be waived, the Court cites *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). In *Marin*, we correctly held that "[t]he clearest cases of nonwaivable, nonforfeitable systemic requirements are laws affecting the jurisdiction of the courts." *Id.* We provided examples: first, "a person may not be tried in Texas for a felony offense by the County

---

[2] The Court takes the extraordinary step of deciding that Appellant's "multiple punishments claim is meritorious." Maj. Op. at 1. Consequently, the Court "reverse[s] the judgment of the court of appeals and remand[s] to the trial court for dismissal of the [second] DWI charge." *Id.* at 14. "Ordinarily we would not reach an issue that the court of appeals did not address; but if the resolution of the issue is 'clear' or 'plain,' then judicial economy justifies this Court in reaching the issue in the first instance." *See Jordan v. State*, 593 S.W.3d 340, 346 (Tex. Crim. App. 2020) (citing and quoting *Davison v. State*, 405 S.W.3d 682, 691–92 (Tex. Crim. App. 2013)); *see also Cooper v. State*, 933 S.W.2d 495, 496 (Tex. Crim. App. 1996). But the merits issue is neither "clear" nor "plain." The court of appeals below did not address the merits of Appellant's double jeopardy claim. Instead, the court of appeals held that the trial court vacated the contempt order because it was defective. *Ex parte Estevez*, No. 01-23-00216-CR, 2024 WL 3107688, at *6–7 (Tex. App.—Houston [1st Dist.] June 25, 2024). The Court errs to address the merits of Appellant's double jeopardy claim without first remanding to the court of appeals to give that court the opportunity to do so.

Court at Law, even if he consents"; and second, "[a] fifteen-year-old child may not be tried as an adult, even with his permission, unless the juvenile court relinquishes jurisdiction of him." *Id.* (first citing *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980); and then citing *Ex parte Stanley*, 703 S.W.2d 686 (Tex. Crim. App. 1986)). But these nonwaivable examples refer to subject-matter jurisdiction. The trial court had subject-matter jurisdiction over Appellant's criminal prosecution and the contempt proceedings. *Marin*'s nonwaivable subject-matter jurisdiction examples do not answer the question of whether the trial court had personal jurisdiction over Appellant.

The Court then says that Appellant did not freely waive personal jurisdiction. The Court states, "Appellant's waiver of notice was produced by the trial court's threat to leave her in jail even longer if she insisted on notice, it was not a free choice but was a coerced one." Maj. Op. at 11. Setting aside the fact that the Court cites no authority to support its position, the Court's assertion takes the trial court's words out of context. Based on the record as a whole, Appellant satisfied those waiver requirements. Before the trial court, Appellant argued that the show cause order lacked sufficient notice:

Trial Counsel: We believe the Defendant should -- this Court should not grant or enter a judgment finding the Defendant in contempt of violating your bond conditions, your Honor, for a few reasons.

> First, we would argue that there was deficient notice in this case, your Honor.

The trial court, apparently finding merit in Appellant's argument that the show cause order lacked sufficient notice by failing to state the substance of the contempt allegations, proposed the following solution:

| The Court: | All right. So, what we'll do is we'll just leave her in custody and give you a notice that states all of her law violations that she received and go from there. So, we'll come back again in -- what's today? Today is Tuesday? |
|---|---|
| Trial Counsel: | Today is Tuesday, your Honor. |
| The Court: | You want to come back on Friday? Or I mean, how do you -- I mean, it's more time your client sits in jail. That's longer than what you say the penalty is. I want to make sure you feel that you have the right notice. |

In this context, when the trial court referred to wanting to make sure Appellant received "the right notice," the trial court referred to the show cause order's deficient notice of the allegations against Appellant and the potential punishment for a finding of guilt. This conclusion is supported by the trial court's statement that it wanted to give Appellant "notice that states all of her law violations that she received." Read in the proper context, the trial court was responding directly to Appellant's objection that the show cause order lacked sufficient particularity about the allegations that provided the basis for

the contempt hearing. The trial court then asked whether Appellant wanted to proceed:

| The Court: | So, do you want to go forward on the notice or you want to withdraw the notice? |
|---|---|
| Trial Counsel: | *I can withdraw the notice claim* and we can go forward with asking for leniency and not exceeding the statutory maximum of three days and/or a fine of $100, your Honor. |

(Emphasis added). Appellant objected to the trial court's lack of personal jurisdiction over her due to the defective notice in the show cause order. Appellant then waived that jurisdictional defect—"I can withdraw the notice claim"—and permitted the trial court to impose judgment on the contempt proceedings.

In sum, the trial court's comment *was not* a threat. When properly analyzed in its context, the trial court was simply informing Appellant and her trial counsel of the consequences of Appellant requesting the notice, and the trial court wanting to give her such notice. The trial court was within its authority to not release Appellant before the contempt issue was decided, and a natural consequence of that was that Appellant would remain in custody.

Informing Appellant and her trial counsel of that fact did not render Appellant's waiver "not a free choice."[3]

If Appellant can forfeit an objection to a defect in the show cause order at issue, it follows that Appellant can waive a similar defect in that same instrument. After Appellant waived the show cause order's defect, the trial court had both subject-matter jurisdiction over Appellant's contempt proceedings and personal jurisdiction over Appellant.

## III.  Conclusion

The trial court had both subject-matter jurisdiction over the proceeding and personal jurisdiction over Appellant. Consequently, Appellant's contempt judgment was not void. I would remand the case to the court of appeals to evaluate Appellant's successive prosecution claim in the first instance. Because the Court does not, and instead grants Appellant relief, I respectfully dissent.

**Filed: June 4, 2025**
**Publish**

---

[3] To the extent that the Court implies that an action becomes involuntary by virtue of a threat, this Court and others have rejected such a notion in other factual scenarios. *See, e.g., Johnson v. State*, 803 S.W.2d 272, 287 (Tex. Crim. App. 1990) ("[A] consent to search given in response to a threat to seek or obtain a search warrant has been upheld as voluntary."); *Bordenkircher v. Hayes*, 434 U.S. 357, 364–65 (1978) (rejecting the conclusion that a plea becomes involuntary when a prosecutor, during plea negotiations, threatens to reindict the defendant on more serious charges). The Court does not cite any authority to the contrary.